574 A.2d 649

**In re ESTATE OF John TEASCHENKO, Jr., Deceased.**

**Appeal of John TEASCHENKO, Sr.**

Superior Court of Pennsylvania.

Argued March 20, 1990.

Filed May 2, 1990.

356

Aaron M. Matte, Allentown, for appellant.

Frank R. Cori, Orwigsburg, for Barbara Teaschenko, participating party.

Before OLSZEWSKI, JOHNSON and HOFFMAN, JJ.

OLSZEWSKI, Judge:

John Teaschenko, Sr., the decedent's father, appeals the trial court's order dismissing his petition to enjoin disbursements of insurance proceeds and granting a motion for compulsory nonsuit. The trial court found that the father failed to sustain his burden to prove forfeiture pursuant to 20 Pa.C.S.A. § 2106(b). The father asserts that he presented a prima facie case of forfeiture and argues that the trial court erred in taking judicial notice of the fact that the decedent's mother did not have enough money to make financial contributions to his support. We find no error; accordingly, we affirm.

The parties were married in 1969. During the course of the marriage, the parties had three children, including the decedent, John Teaschenko, Jr. The parties separated in 1978 and divorced in 1979. The father retained custody of their three children, including the decedent. Apparently, there was never any formal court order regarding custody or visitation. N.T. 12/7/88 at 20.

The mother was unemployed at the time of the separation. From the time of the divorce until after the decedent's death, the mother was receiving the maximum possible public assistance, indicating that she had no other

known source of income. N.T. 12/7/88 at 77. The amount of money she received was "[t]he minimum amount of money that two people[1] ostensibly could live on in the Schuylkill County and the State of Pennsylvania." N.T. 12/7/88 at 77.

The mother did not pay any child support to the father. The mother bought Christmas presents for decedent and occasionally bought him clothes. The mother did not visit decedent in the father's home, because the father's brother prohibited her from doing so. Despite this prohibition, the mother often parked in front of the father's house to talk to the children. Decedent visited his mother once or twice a week, and she fed him and his friend snacks when they visited.

All of the above facts were elicited through testimony by the father's witnesses in a non-jury trial. After the father rested, the mother made a motion in the nature of a demurrer, claiming that the father had failed to show any forfeiture under 20 Pa.C.S.A. § 2106(b). The trial court found that the father had not met his burden of proof because he did not show that the mother had the ability to pay support; consequently, the trial court granted the demurrer.

The father filed exceptions to the order granting the demurrer. Subsequently, the mother filed a motion to consider the demurrer a compulsory nonsuit. The trial court granted the motion, and the father filed additional exceptions. The trial court affirmed its decisions and denied all of the father's exceptions. This appeal followed.

 Initially, we must address a procedural issue. The father asserts that compulsory nonsuit was not appropriate in this case because the mother presented some evidence. We agree that a motion for compulsory nonsuit was inappropriate in this case, as was the motion for demurrer. The trial court should have either dismissed the father's petition or entered judgment against the father. Nevertheless, we

1. The mother had custody of a son from a previous marriage.

decline to reverse the judgment on this ground. The trial court's order effectively terminated father's action due to his failure to sustain his burden of proof. Accordingly, we will treat the trial court's order as if it were an order dismissing the father's petition. If we find that the father satisfied his burden of proof, then we must reverse the judgment of the trial court; otherwise, we must affirm.

The father argues that the trial court erred in granting the compulsory nonsuit because the father presented a prima facie case of forfeiture under 20 Pa.C.S.A. § 2106(b). We disagree; accordingly, we affirm the decision of the trial court.

The statute providing for forfeiture of a parent's share of an intestate estate, 20 Pa.C.S.A. § 2106(b), was passed in 1984 and has not yet been addressed by any appellate court. That statute provides:

> Any parent who, for one year or upwards previous to the death of the parent's minor or dependent child, has willfully neglected or failed to perform any duty of support owed to the minor or dependent child or who, for one year, has willfully deserted the minor or dependent child shall have no right or interest under this chapter in the real or personal estate of the minor or dependent child.

The father's petition was based on the failure to support provision of this statute, not the desertion provision.

■ The elements of a forfeiture based on failure to support are easily discerned from the plain language of the statute: (1) the decedent must be a minor or dependent child; (2) the parent must owe some duty of support to the decedent; (3) the parent must have failed to perform any duty of support for the decedent for at least a year prior to the decedent's death; and (4) the parent's failure must be willful. The petitioner must produce evidence of all of these elements to make a prima facie case of forfeiture.

■ Two aspects of the statute are noteworthy. First, the parent must have failed to perform "any" duty of support. A parent does not forfeit her interest in her

child's estate merely by failing to perform her duties fully; rather, the parent must completely fail to perform *any* duty of support before a court will find a forfeiture under this statute. Second, the parent must have "willfully" failed to perform any duty of support. At the very least, the term "willfully" implies that the parent is aware of the duty to support, has the capacity to perform that duty, and makes no attempt to do so.

 In the present case, the father has not shown that the mother failed to perform "any" duty of support; nor has he shown that the mother's shortcomings were willful. The father showed only that he was the primary provider; he did not negate the possibility that the mother also provided some support. Testimony provided by the father's own witnesses shows that the mother gave decedent Christmas presents and provided meals and snacks for him and his friends when he visited. These actions constitute some support, albeit minimal. Furthermore, one of the father's witnesses testified that the mother had an extremely limited ability to provide financial support. This witness stated that the mother received $232 per month in public assistance, that this amount indicates that she has no other known source of income, and that this amount is ostensibly the minimum necessary to support the mother and the son in her custody. This evidence of her inability to pay negates any finding of willfulness.

 Even if the father had alleged forfeiture by desertion, we would affirm, as there is clearly no merit to such an allegation. By the father's own testimony, the decedent visited his mother once or twice a week. N.T. 12/8/88 at 21. The father's witnesses testified that the mother often stopped her car in front of the father's house to see the children, N.T. 12/8/88 at 63, despite the fact that the father's brother, who lived with him, prohibited her from coming into the house, N.T. 12/8/88 at 50–51.

The trial court correctly found that the father did not meet his burden of proof; accordingly, we affirm the decision of the trial court.

■ The father also argues that the trial court erred in taking "judicial notice" of the fact that $232 per month was not enough money to allow the mother to contribute substantially to decedent's support. We find that the trial court did not err.

■ A court may take judicial notice of a fact which is so well known as to be incontestable. *Keirs by Keirs v. Weber Nat. Stores, Inc.*, 352 Pa.Super. 111, 507 A.2d 406 (1986) (court may take judicial notice that the product in a products liability action is an ordinary baseball jacket). The cost of minimal subsistence is a matter within common knowledge. No testimony is needed to show that a person living on $232 per month cannot support herself and a son and then pay additional support for another son. The trial court did not err in taking judicial notice of such a basic fact of life.

Even if this matter were not so generally known, we would find no error. The trial court did not need to take judicial notice of this fact, because testimony in the record supported it. The father's own witness stated that the mother received "the minimum amount of money that two people could ostensibly live on." N.T. 12/8/88 at 77. Accordingly, the trial court's "judicial notice" was supported by evidence in the record.

The father asserts that the mother may have had other sources of income and other means of support. If that is so, then the father had the burden of presenting such evidence. He failed to do so. The court took judicial notice of the inadequacy of the. mother's financial means after the father rested his case. The father never requested an opportunity to reopen his case and present further evidence.

■ Instead, the father tried to shift the burden of proof to the mother. After the father rested, his counsel stated, "I think that at least we should be allowed to hear

the rest of the case and determine whether or not these gifts were made and what was done during this period of time." N.T. 12/8/88 at 97, implying that the mother had some obligation to prove that she had supported the decedent. He also said, "I could see the Court's making approval of this in [the mother's] favor if we got to the point where the contributions show that there is nothing to support or she doesn't make that, but we are not at that stage. I have shown that there is $232. We don't know where that money went to or where her expenses are or if anyone else was living with her and also contributed to her income at the house. We don't know any of those factors at this stage." N.T. 12/8/88 at 99, implying that the mother had an obligation to prove the inadequacy of her financial means. The petitioner has the burden of proof in these matters, and he cannot meet that burden by simply waiting for the respondent to prove his case.

We find no error in the trial court's holding.

Order affirmed.