574 A.2d 661

**COMMONWEALTH of Pennsylvania**

v.

**Carlos Eugene MOOSE, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued March 7, 1990.

Filed April 30, 1990.

Petition for Allowance of Appeal Granted
Sept. 11, 1990.

in my view, supplied Detective Bailey with the necessary probable cause to search and seize the jacket and coin sets.

380

Allen H. Smith, York, for appellant.

Gerald Lord, York, for appellee.

Before WIEAND, TAMILIA and POPOVICH, JJ.

TAMILIA, Judge:

This is an appeal from the judgment of sentence imposed May 8, 1989 following the trial court's denial of appellant's post-verdict motions. Appellant was convicted of first degree murder[1], conspiracy to commit murder[2], rape[3] and conspiracy to commit rape[4], and the trial court sentenced him to serve life imprisonment plus 15 to 30 years. Appel-

1. 18 Pa.C.S. § 2502(a).
2. 18 Pa.C.S. § 903.
3. 18 Pa.C.S. § 3121.
4. 18 Pa.C S. § 903.

lant filed timely motions for new trial and in arrest of judgment, which were denied. This appeal followed.

Appellant claims the Commonwealth's conduct violated his constitutional rights to counsel and a fair trial. The conduct which appellant complains centers around the district attorney's implied understanding with Sonny Oglesby, a county jail prisoner who allegedly elicited incriminating statements from appellant and other prisoners. The understanding entailed the district attorney's agreement not to bring Oglesby up for sentencing, thereby allowing him to remain in the county jail despite his conviction of third degree murder and other felonies, in return for his providing information on other cases from inside the jail. The district attorney failed to disclose this implied understanding to appellant despite defense counsel's formal motions for all exculpatory information, and the district attorney also failed to disclose Oglesby's incriminating statements until the time of trial despite specific requests for such. Having reviewed appellant's claims in view of their factual background and the relevant constitutional and case law, we conclude appellant's claims are meritorious and therefore vacate the judgment of sentence and remand for a new trial.

The United States Supreme Court affirmed the principle that the sixth amendment guarantees the accused, after the initiation of formal charges, the right to rely on counsel as a medium between the state and himself, and this guarantee includes the state's "affirmative obligation not to act in a manner that circumvents the protections accorded the accused by invoking this right." *Maine v. Moulton*, 474 U.S. 159, 176, 106 S.Ct. 477, 487, 88 L.Ed.2d 481 (1985). The Court in *Moulton* held:

> [K]nowing exploitation by the State of an opportunity to confront the accused without counsel being present is as much a breach of the State's obligation not to circumvent the right to the assistance of counsel as is the intentional creation of such an opportunity. Accordingly, the Sixth Amendment is violated when the State obtains incrimina-

ting statements *by knowingly circumventing the accused's right to have counsel present in a confrontation between the accused and a state agent.* (Emphasis added)

*Id.* Consequently, in *Moulton,* the Court ruled inadmissible the accused's statements to his accomplice, made after the accomplice agreed to cooperate with the police, because the conversation between the two constituted an attempt by the state to circumvent the accused's right to counsel.

█ Likewise in the instant case, the Commonwealth's conduct in keeping Oglesby in the county prison to obtain incriminating evidence against inmates awaiting trial constitutes a knowing circumvention of appellant's right to have counsel present in a confrontation between himself and a state agent. Clearly, under the facts of this case Olgesby was acting as an agent of the state in return for the district attorney's agreement not to bring him up for sentencing. Here, Olgesby was retained in the county jail for over three years and obtained the nom de plume "monsignor" for his ability to engage other prisoners in confidential discussions frequently resulting in admissions of their criminal activity, which were then transmitted to the Commonwealth. The supplemental record shows he was a witness in at least four homicide cases while he was awaiting sentencing on a plea agreement for third degree murder, burglary and robbery. By intentionally creating a situation likely to induce appellant to make incriminating statements without the assistance of counsel, the Commonwealth violated his sixth amendment right to counsel. *See United States v. Henry,* 447 U.S. 264, 274, 100 S.Ct. 2183, 2188–89, 65 L.Ed.2d 115, 125 (1980).

Although the above-mentioned indiscretions are more than sufficient to compel a new trial, we will address appellant's claim his right to a fair trial was infringed because we find it to be of merit also. Specifically, appellant contends the Commonwealth violated his right to a fair trial by failing to disclose exculpatory evidence in its possession, which evidence consisted of the Commonwealth's agreement with Oglesby, and by failing to comply with the

rules of discovery in not providing appellant with a copy of Oglesby's incriminating statement when defense counsel specifically requested statements of all witnesses. In *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215, 218 (1963), the United States Supreme Court held "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." When the reliability of a witness may be determinative of guilt or innocence, the Commonwealth's nondisclosure of evidence affecting credibility falls under the rule in *Brady*. *Giglio v. United States*, 405 U.S. 150, 153, 92 S.Ct. 763, 765–66, 31 L.Ed.2d 104 (1972); *Commonwealth v. Wallace*, 500 Pa. 270, 275–77, 455 A.2d 1187, 1190 (1983). As such, we find the Commonwealth's failure to reveal its implied understanding with Oglesby constitutes reversible error.

 In the instant case, the district attorney did not disclose his arrangement with Oglesby until the post-trial evidentiary hearing. At this hearing, he also revealed he had told Oglesby, prior to Oglesby's testimony, his cooperation in appellant's case would be made known to the court when Oglesby was eventually sentenced. Such information would easily affect Oglesby's credibility because the testimony could be construed as biased and as having been given under the promise or expectation of leniency. Furthermore, Oglesby's testimony that appellant confessed to the crimes charged went straight to the question of appellant's guilt or innocence, and therefore his perceived reliability to the jury may well have been determinative of appellant's guilt or innocence. Accordingly, the Commonwealth's failure to disclose the arrangement, despite appellant's requests for exculpatory evidence, mandates reversal.

 Additionally, the district attorney's failure to provide appellant with a copy of Oglesby's incriminating statement violated the rules of discovery and, as such, impinged on appellant's right to a fair trial. The applicable rule of discovery provides, *inter alia:*

**B. Disclosure by the Commonwealth.**

(1) *Mandatory.* In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

* * * * * *

(b) any written confession or inculpatory statement, or the substance of any oral confession or inculpatory statement, and the identity of the person to whom the confession or inculpatory statement was made, which is in the possession or control of the attorney for the Commonwealth.

Pa.R.Crim.P. 305 B(1)(b).

Although the district attorney had Oglesby's April 5, 1988 statement since May 4, 1988, it was not until the first day of trial on August 17, 1988 that the district attorney disclosed the information to appellant, even though appellant had, on May 2, 1988, requested copies of any statements made by appellant to the police or any other person and copies of all statements made by any witnesses known to the Commonwealth concerning the alleged offenses (Application for Discovery, p. 1). Further, at the hearing on July 11, 1988 prompted by the Commonwealth's failure to comply fully with appellant's discovery requests, the Commonwealth furnished some more information and advised the court it had now furnished all the requested information. However, the Commonwealth still withheld Oglesby's incriminating statement.

 The accused's right to due process is, in essence the right to a fair opportunity to defend against the Commonwealth's accusations. *See Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). Here, the Commonwealth's tactics afforded appellant no opportu-

nity to defend himself against the accusations in Oglesby's statement. We firmly reject the Commonwealth's assertion appellant was not caught off guard by the statement because appellant was alerted to the statement before trial and because the statement was used only for impeachment purposes. This assertion ignores the fact the Commonwealth, at the trial's outset, agreed not to use the statement and then did so, leaving appellant to face unexpected testimony at trial. Had the Commonwealth complied with its duty to disclose in the first place, appellant would not have been in such a situation at trial. We will not reward the Commonwealth for its failure to meet its legal obligations. As a result, we find appellant's claim of error warrants reversal.[5]

For all of these reasons, we believe appellant is entitled to a new trial.

Judgment of sentence vacated, and the case is remanded for a new trial in accordance with this Opinion.

Jurisdiction relinquished.

---

**5.** By this Opinion, we do not intend to deny the Commonwealth the use of spontaneous admissions which frequently arise out of relationships between prisoners. We are simply expressing our concern with the undisclosed use of prisoners, who are suspect and self-serving, as agents of the Commonwealth. The defendant is entitled to have this information to protect himself against possible bias and fabrication.