**Winslow Estate**

*Bernard M. Berman,* for Meredith Winslow.

*Elliott D. Goldberg,* for Valerie Winslow.

WOOD, *P.J.,* ENDY, *S.J.,* and OTT, *J., en banc,* June 2, 1993—This matter is before the court following argument en banc on a petition for reconsideration granted by this court following an order dated January 20, 1993. By that order, the petition of Meredith Scott Winslow (mother) to have this court declare a forfeiture by Randall Winslow (father) of the proceeds of the wrongful death settlement from the estate of their son, Jason Patrick Winslow, was denied.

Jason died as a result of injuries suffered in an automobile accident. Jason, a minor, left no will and was not married and, therefore, the settlement proceeds from the wrongful death action inured to his parents by intestacy. Mother, however, wishes to bar father from sharing in the proceeds pursuant to 20 Pa.C.S. §2106(b), which reads:

"(b) *Parent's share*—Any parent who, for one year or upwards previous to the death of the parent's minor or dependent child, has willfully neglected or failed to perform any duty of support owed to the minor or dependent child or who, for one year, has willfully deserted the minor or dependent child shall have no right or interest under this chapter in the real or personal estate of the minor or dependent child."

Our original decision was based on the plain meaning of the statute as set forth above and on its interpretation in *In re Estate of Teaschenko,* 393 Pa. Super. 385, 574 A.2d 649 (1990). *Teaschenko* set forth the very minimum requirements for the support prong of the statute, and it was upon this prong that the court in *Teaschenko* was petitioned. There was little guidance in that case as to the desertion prong of the statute. Although some facts regarding desertion were set out in dicta, and pa-

rental contacts in that case were clearly more frequent than the contacts in the case sub judice, there was no holding which could be construed to lend meaning to the word "desertion" in the statute. In the case before us, the support requirements in the statute were clearly fulfilled albeit through the function of support law and its enforcement mechanism in the county. Although mother argued that father only paid support when it was enforced and that he paid through the checks of his wife, he nevertheless paid $200 in support per month up to the date of Jason's death. We find no merit in the argument that this method of indirect payment by a third party somehow created a lack of support.

Forfeiture can be wrought, however, by failure to fulfill one prong only of the statute, and therefore this court next considered the desertion issue. This court's order subsequently read, "Although we find the father's contacts to be minimal and his demeanor in general to be less than credible, the petitioner was unable to prove willful desertion...."

The arguments and briefs for reconsideration have failed to convince us that the plain meaning of the word "desertion" in the statute can be read in any other than its own context. The petitioner asks us to either compare "desertion" to that of a spouse in a marital situation such as is addressed in 20 Pa.C.S. §2106(a) (forfeiture of a spouse), or to find meaning in the word through analogy to the requirements for desertion in a termination of parental rights action. We cannot make this stretch in either case.

First, we do not consider forfeiture for estate purposes to be analogous to abandonment in parental rights cases because the purposes for the law are so very different. In a termination of parental rights case, the court reluctantly

must terminate a sacred right in order to protect the best interest of a child. In an estate situation, we are merely deciding the rights of inheritance which sometimes lie in very remote individuals based on degree of relationships.[*]

Second, mother argues that the meaning of "desertion," used in the context of a forfeiture as to a spouse, could define the word when found in the subsequent section of the same statute concerning forfeiture as to a parent. When considered in light of the word's use when referencing a marital partner and the statute's history, the analogy fails. "Willful and malicious desertion" is one of the grounds for divorce. If the divorce were realized the inheritance would fall with the marriage. In the case of a parent-child relationship, the breaking up of the family unit, dilution of contacts, and change of residence has more to do with the parents' relationship to each other than that of parent to child. In the case at hand, we found as a fact that although the contacts were minimal they fulfilled the plain meaning of the statute to disallow the application of forfeiture as to desertion.

Because we decline to confer a meaning on the word *desertion* other than the plain meaning, we look to a dictionary definition. *Desertion* in Webster's Third New International Dictionary is defined as follows:

"1: the act or an instance of deserting: a: abandonment of a person to whom one is obligated or bound by agreement ... b: a deserting from the military or naval service.

---

[*] We note that the minimum contacts between Jason and his father could conceivably preserve the relationship from involuntary termination under the relevant statute if the action were for termination of parental rights brought pursuant to 23 Pa.C.S. §2512.

c: the intentional or substantial abandonment permanently or for a period of time stated by law without legal excuse and without consent of one's duties arising out of a status (as that of husband and wife or parent and child) 2: a state of being deserted or forsaken: desolation 3: one who deserts."

In order to apply this definition in other than a specific legal sense we are led to a definition of the word "abandonment." This word is defined as follows in the same version of Webster's:

"1. a: the act of abandoning: relinquishment, renunciation ... b(1): desertion of a spouse with the intention of creating a permanent separation (2): desertion of a child by its parents...."

We conclude that the plain meaning of desertion, absent the meaning added by the application of areas of the law, other than decedent's and estate law, supports a finding that even minimal contacts would preclude the application of the theory that the defendant effectively and willfully deserted his son. Testimony of Jason's sister convinced us that attempts to maintain a relationship were taking place on the part of both the father and Jason.

We enter the following

## FINAL DECREE

And now, June 2, 1993, the previous decree and order of this court dated January 20, 1993, is affirmed and made final and the petition of Meredith Scott Winslow to have this court declare a forfeiture by Randall Winslow of the proceeds of the wrongful death settlement proceeds from the estate of their son, Jason Patrick Winslow, is denied.