In re Thelma A. KISTNER, Deceased.

**Appeal of Catherine CLARK, Appellant.**

Superior Court of Pennsylvania.

Argued June 8, 2004.

Filed Sept. 10, 2004.

Donald B. Moreman, Greensburg, for appellant.

Eileen C. Billey, Greensburg, for appellee.

Before: FORD ELLIOTT, TODD, and PANELLA, JJ.

OPINION BY FORD ELLIOTT, J.:

¶1 Catherine E. Clark appeals from the trial court's order of July 7, 2003, denying her petition for forfeiture. For the following reasons, we affirm.

¶2 Thelma A. Kistner ("Decedent") died intestate on June 10, 2001 at the age of 58. Decedent's husband predeceased her, and she left no issue. Decedent's mother and father both survived.

¶3 Appellant is Decedent's mother ("Mother"). Decedent's father is Matthew I. Swindell ("Father"). Mother and Father were married on February 1, 1942, and divorced in March 1956. Selma Swindell, Father's wife, and Sandra Menchio, Father's daughter, are co-guardians of Father's estate.[1] On December 28, 2001, Mother filed the instant petition for forfeiture under 20 Pa.C.S.A. § 2106(b)(1), alleging that Father had failed to perform his duty to support Decedent while she

---

1. Father died on April 19, 2003, after the trial in this case had concluded.

was a minor; and therefore, he is not entitled to share in the proceeds of her estate.[2]

¶ 4 Appellant raises the following issues for our review:

I. Whether the Court erred by considering evidence presented at a prior proceeding?

II. Whether the Court erred by considering evidence over a sustained objection?

III. Whether the Court erred by considering evidence not presented?

IV. Whether the Court erred by misapplying the law?

V. Whether the Court erred by ruling without factual evidence to support the Order?

Appellant's brief at 4.

¶ 5 Because we hold that under the plain language of the statute, Mother had no basis to bring the forfeiture petition, we need not address the substance of her appeal. 20 Pa.C.S.A. § 2106(b)(1) states:

Any parent who, for one year or upwards previous to the death of the parent's minor or dependent child, has:

(1) failed to perform the duty to support the minor or dependent child or who, for one year, has deserted the minor or dependent child; . . .

. . . .

shall have no right or interest under this chapter in the real or personal estate of the minor or dependent child. The determination under paragraph (1) shall be made by the court after considering the quality, nature and extent of the parent's contact with the child and the physical, emotional and financial support provided to the child.

¶ 6 As noted above, Decedent was 58 years old at the time of her death. The elements of a forfeiture based on failure to support are easily discerned from the plain language of the statute: (1) *the decedent must be a minor or dependent child;* (2) the parent must owe some duty of support to the decedent; (3) the parent must have failed to perform any duty of support for the decedent for at least a year prior to the decedent's death; and (4) the parent's failure must be willful. The petitioner must produce evidence of all of these elements to make a prima facie case of forfeiture.

*In re Estate of Teaschenko, Jr.,* 393 Pa.Super. 355, 574 A.2d 649, 651 (1990) (emphasis added). *See also In re Estate of Moyer,* 758 A.2d 206, 211 (Pa.Super.2000); *Woodie v. City of Philadelphia,* 2003 WL 22738417, 24 Fiduc.Rep.2d 46 (Pa.Com.Pl. 2003).

¶ 7 The purpose of the forfeiture statute is to prevent a parent, who has failed to carry out his or her duty of support, from gaining a "windfall" from a minor child's death. In addition, the statute protects minor or dependent children who are not legally competent to effectuate a will (*see Moyer, supra* at 211–212: "Perhaps a court might also ask the question, 'If this child had understood the significance of inheritance, who would he have chosen as his heir?' "). These considerations are not applicable where, as here, the Decedent was 58 years old. The alleged violations of Father's duty of care and support toward Decedent contained in Mother's petition occurred over 40 years prior to Decedent's death. If Decedent believed Father failed to perform his duty

---

**2.** There is no dispute that because Decedent died intestate, was predeceased by her husband, and left no issue, under the intestacy laws of this Commonwealth her parents would share equally in her estate. 20 Pa. C.S.A. § 2103.

to support her as a minor child, or had deserted her, she could have executed a last will and testament disposing of her estate accordingly.

¶ 8 We hold that where the decedent is not a "minor or dependent child" at the time of death, the forfeiture provisions of § 2106(b) are inapplicable. To the extent that *In re Krempasky's Estate (No. 2)*, 1997 WL 267773, 17 Fiduc.Rep.2d 89 (Pa. Com.Pl.1997), holds otherwise, it is expressly disapproved.

¶ 9 Order affirmed.