J-A23014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SHIREETA TURNER, IND & AS ADMINISTRATRIX OF THE ESTATE OF LAMIYAH GRAVES, DECEASED AND AS PARENT& NATURAL GUARDIAN  OF SAMIM HICKS-TURNER, SAMAD TURNER & RASHIRAH MUHAMMAD | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | No. 490 EDA 2017 |
| HELEN OF TROY, L.P. INTERMATIC, INC.  CAMBRIDGE BEAUTY SUPPLY, INC.  TAE E. LEE, BELSON PRODUCTS,  APPLICA CONSUMER PRODUCTS, INC:  HELEN OF TROY CORPORATION | |
| APPEAL OF: LAMONT GRAVES | |

Appeal from the Order December 29, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  No. 02193 December Term 2013

BEFORE:   PANELLA, J., DUBOW, J., and FITZGERALD*, J.

JUDGMENT ORDER BY PANELLA, J.                    **FILED DECEMBER 15, 2017**

Lamiyah Graves was seven years old when she died in a fire at her mother's home in New Jersey. Her mother, Shireetta Turner, filed suit in the Philadelphia County Court of Common Pleas against the manufacturers of a curling iron and power strip she believed to be the cause of the fire. Prior to trial, all parties reached a global settlement subject to approval of distribution of the funds under the Rules of Civil Procedure and

_____

* Former Justice specially assigned to the Superior Court.

Pennsylvania's intestacy statute. The rules provided that the settlement proceeds arising from the wrongful death claim would be distributed to Lamiyah's parents equally. *See* 20 Pa.C.S.A. § 2103.

Shortly thereafter, Turner filed a petition seeking to have Appellant, Lamont Graves, Lamiyah's father, excluded from the distribution of the settlement funds. Under Pennsylania's forfeiture statute, a parent who fails to adequately support a child for at least a year prior to the child's death has no right to a distribution from the child's estate. *See* 20 Pa.C.S.A. § 2106(b)(1).

At the hearing on Turner's petition, Graves testified he had seen his daughter only twelve or thirteen times in the last six years of her life. *See* N.T., Hearing, 12/22/16, at 21. When asked when he had most recently seen his daughter, he identified only one meeting in the year before her death. *See id*., at 36, 49-50.

Graves admitted he had only ever offered minimal monetary support for Lamiyah, and had never sought to have legal visitation with her. *See id*., at 9-13, 25. In the year prior to Lamiyah's death, he provided "maybe about a hundred, $150" to her mother for Lamiyah's support. *Id*., at 12.

After considering both Graves's testimony and other evidence before it, the court concluded Graves had failed to provide support to Lamiyah in the year before her death and determined he had therefore forfeited any

- 2 -

right to a distribution from Lamiyah's estate. Graves then filed this timely appeal.

On appeal, Graves argues, under various guises, that Turner's failure to keep him apprised of his daughter's whereabouts rendered his failure to support Lamiyah reasonable. Our standard in reviewing decisions of the orphans' court is as follows:

> The findings of a judge of the orphans' court division, sitting without a jury, must be accorded the same weight and effect as the verdict of a jury, and will not be reversed by an appellate court in the absence of an abuse of discretion or a lack of evidentiary support. This rule is particularly applicable to findings of fact which are predicated upon the credibility of the witnesses, whom the judge has had the opportunity to hear and observe, and upon the weight given to their testimony. In reviewing the orphans' court's findings, our task is to ensure that the record is free from legal error and to determine if the orphans' court's findings are supported by competent and adequate evidence and are not predicated upon capricious disbelief of competent and credible evidence.

> When the trial court has come to a conclusion through the exercise of its discretion, the party complaining on appeal has a heavy burden. It is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence [of] record, discretion is abused. A conclusion or judgment constitutes an abuse of discretion if it is so lacking in support as to be clearly erroneous.

> We are not constrained to give the same level of deference to the orphans' court's resulting legal conclusions as we are to its credibility determinations. We will reverse any decree based on palpably wrong or clearly inapplicable rules of law. Moreover,

we are not bound by the chancellor's findings of fact if there has been an abuse of discretion, a capricious disregard of evidence, or a lack of evidentiary support on the record. If the lack of evidentiary support is apparent, reviewing tribunals have the power to draw their own inferences and make their own deductions from facts and conclusions of law. Nevertheless, we will not lightly find reversible error and will reverse an orphans' court decree only if the orphans' court applied an incorrect rule of law or reached its decision on the basis of factual conclusions unsupported by the record.

*In re Paxson Trust I*, 893 A.2d 99, 112-113 (Pa. Super. 2006) (citations and quotation marks omitted).

We have reviewed the briefs of the parties and the certified record pursuant to this standard, and conclude the opinion authored by the Honorable Matthew D. Carrafiello adequately addresses the issues raised by Graves on appeal. *See* Opinion Sur Appeal, 3/24/17, at 1-12. We therefore adopt its reasoning as our own, and affirm on that basis.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/15/17

- 4 -

SHIREETTA TURNER, Individually and as Administratrix of the Estate of LAMIYAH GRAVES, Deceased, and as Parent and Natural Guardian of SAMIM HICKS-TURNER, SAMAD TURNER, and RASHIRAH MUHAMMAD

v.

CAMBRIDGE BEAUTY SUPPLY, et al.

PHILADELPHIA COUNTY

COURT OF COMMON PLEAS

DECEMBER TERM, 2013

NO: 02193

CONTROL NO: 16070278

## OPINION SUR APPEAL

Lamont Graves, (hereinafter referred to as "Appellant"), appeals the Trial Court's Order dated December 29, 2016, which granted Shireetta Turner's Petition for Forfeiture against Lamont Graves.

Turner Etal Vs Cambridge Beauty Supply, Inc.-OPFLD



13120219300607

## Facts and Procedural History

Lamiyah Graves, a minor, (hereinafter referred to as "Lamiyah"), died at seven years of age on December 28, 2011 as a result of a house fire caused by an alleged defective product. At the time of her death, Lamiyah was living with her mother, Shireetta Turner, (hereinafter referred to as Appellee), and her siblings.

Appellant, Lamiyah's father, separated from Appellee when Lamiyah was three months old. N.T. 11/22/2016, p. 14. The uncontroverted testimony indicated that, other than purchasing a crib for Lamiyah, Appellant did not provide clothing or food and offered only small monetary support throughout Lamiyah's life. In the

1

year preceding Lamiyah's death, Appellant only saw Lamiyah once for a brief moment and gave Appellee "maybe about a $100, $150." N.T. 12/22/2016, p. 12. Appellant was incarcerated for a period of one month during which Lamiyah died. *Id.* at 58.

Appellee was appointed Administrator *ad prosequendum* of the Estate of Lamiyah Graves by the Surrogate's Court of Burlington County, New Jersey. On December 17, 2013, Appellee, as Administrator *ad prosequendum*, individually, and as parent and natural guardian of Lamiyah's three minor siblings, filed suit in the Philadelphia Court of Common Pleas. Appellee's complaint asserted strict liability, negligence, breach of warranty, and wrongful death and survival action claims. Prior to trial, the parties negotiated a global settlement subject to approval of distributions pursuant to Pa. R.C.P. Rules 2206 and 2039.

On June 29, 2016, Appellee filed a Petition for Approval of the Minors' Settlement for Lamiyah's siblings. On July 1, 2016, Appellee filed a Petition for Forfeiture pursuant to 20 Pa. C.S. § 2106(b)(1) of Appellant's share of the wrongful death proceeds arising from Lamiyah's death, and on July 11, 2016, she filed a Petition for Approval of Wrongful Death and Survival Action Claims.

The Trial Court approved funding of structured settlement annuities and restricted accounts for each minor, as part of the Order issued on September 28, 2016 approving the global settlement.

2

The Trial Court's Order of September 28, 2016 further approved an allocation of 90% to the wrongful death action and 10% to the survival action. As this was a New Jersey estate and Appellee was only appointed Administrator *ad prosequendum*, the survival action proceeds were ordered to be held in *custodia legis* by Messa & Associates, P.C. pending appointment of a general administrator by the Surrogate's Court of Burlington County, New Jersey.

The wrongful death proceeds, which are distributed pursuant to Pennsylvania's intestacy statute and were to be paid in equal 50% shares to Lamiyah's parents, Appellant and Appellee, were also ordered to be held in *custodia legis* by Messa & Associates, P.C. pending resolution of the Forfeiture Petition.

Evidentiary hearings on the Forfeiture Petition were held on November 22, 2016 and December 22, 2016. Following review of the parties' letter briefs submitted directly to the undersigned Judge, the Trial Court, by Order dated December 29, 2016, granted the Forfeiture Petition finding that the amounts paid by Appellant on behalf of Lamiyah did not constitute support and in fact, were grossly inadequate to support even the bare necessities of the minor. The Trial Court further found that while Appellant was not encouraged to pursue a familial relationship with Lamiyah, Appellant was not prevented from visiting and failed to pursue such a relationship.

3

Counsel for Appellant timely filed this appeal on January 19, 2017. Pursuant

to the Trial Court's Order dated January 23, 2017, Appellant timely filed his R.A.P.

1925(b) Statement of the Errors Complained of on Appeal on February 7, 2017.


## Issues

Appellant filed his Statement of Matters Complained of on Appeal, pursuant

to Pa. R.A.P. 1925(b), raising the following issues, as quoted from his statement:

1. **Whether the Learned Trial Judge committed reversible error in finding that the overall quality, nature and extent of Appellant's contact with the minor and the physical, emotional and financial support provided to the mother justified the determination that Appellant failed to perform the duty to support the minor for a period of in excess of one (1) year before her death.**

2. **Whether the Learned Trial Judge failed to apply the doctrine of estoppel in arriving at the conclusion that Appellant failed to perform the duty to support the minor and thus justified the granting of the Petition for Forfeiture.**

3. **Whether the Learned Trial Judge failed to consider the fact that petitioner, Shireetta Turner, prevented Appellant from having contact with the minor child and did not pursue support from Appellant through the courts, thus rendering Appellant's alleged inadequate support not willful.**

4. **Whether the Learned Trial Judge erred in granting the Petition for Forfeiture considering the high burden of proof required for a forfeiture particularly considering petitioner's own conduct in preventing Appellant from having contact with minor child.**

5. **Whether the Learned Trial Judge erred in finding that the amounts paid by Appellant did not constitute support and in fact were grossly inadequate to support the bare necessities of the minor.**

4

While the above issues are not concise and at times compound, repetitive and/or based upon assumptions not supported by the evidence, the Trial Court shall attempt to respond to these issues as fully as possible after restating them in a more concise fashion.

## Discussion

**1. The Trial Court, in applying the applicable law to the credible evidence, determined that Appellee successfully met her burden of proof that Appellant failed to perform his duty to support, thereby forfeiting his claim.**

Pennsylvania's forfeiture statute, 20 Pa. C.S.A. § 2106(b)(1), provides in relevant part:

> (b) Any parent who, for one year or upwards previous to the death of the parent's minor or dependent child has:
>
> (1) failed to perform the duty to support the minor or dependent child or who, for one year has deserted the minor or dependent child; or …
>
> shall have no right or interest under this chapter in the real or personal estate of the minor or dependent child. The determination under paragraph (1) shall be made by the court after considering the quality, nature and extent of the parent's contact with the child and the physical, emotional and financial support provided to the child.

20 Pa. C.S.A. § 2106(b)(1).

5

It is important to note at the outset that 20 Pa. C.S.A. § 2106(b)(1) was amended on December 20, 2000, at which time the Pennsylvania legislature removed the requirement that a parent's failure to support a minor or dependent child be willful.[1] However, the seminal case that addresses a parent's duty to support remains to be *In re Estate of Teaschenko*, which was decided by this Honorable Superior Court before the statute was amended. *In re Estate of Teaschenko*, 574 A.2d 649 (Pa. Super. 1990); *See In re Moyer*, 758 A.2d 206, 208 (Pa. Super. 2000).

Accordingly, operating under the *Teaschenko* framework, Appellee herein has the burden of proving that Appellant forfeited his right to inherit from his deceased child. *In re Estate of Teaschenko*, 574 A.2d 649. Specifically, the elements of a prima facie case of forfeiture based upon a parent's failure to support a minor or dependent child are as follows:

1. The decedent is a minor,
2. The parent must owe some duty of support to the decedent,
3. The parent must have failed to perform any duty of support for the decedent for at least a year prior to the decedent's death, and
4. The parent's failure must be willful.

---

[1] Prior to its amendment, Section 2106 (b)(1) provided that, "any parent who, for one year or upwards previous to the death of the parent's minor or dependent child, has willfully neglected or failed to perform any duty of support owed to the minor or dependent child or who, for one year, has willfully deserted the minor or dependent child shall have no right or interest under this chapter in the real or personal estate of the minor or dependent child." 2000 Pa. Legis. Serv. Act 2000-118 (H.B. 2328) (PURDON'S).

6

*Id.* at 651. In determining whether the failure to support was willful, the Court must consider whether the parent was aware of the duty of support, had the capacity to perform, and made no attempt to perform. *Id.* at 652.

There was no dispute that Lamiyah was a minor at the time of her death or that Appellant, as Lamiyah's father, owed some duty of support. The issue arises as to what support Appellant provided in the year prior to Lamiyah's death. Appellee testified that, from the time Lamiyah was three months old until she passed away, Appellant did not buy food, clothes, toys, birthday gifts or Christmas presents for Lamiyah; he did not attend any birthday or holiday celebrations; and he never took Lamiyah to the park, zoo, movies, or even for a walk around the block. N.T. 11/22/16, p. 15-18. Appellee further testified that, from the time Lamiyah was three months old until she passed away, Appellant only saw Lamiyah once when she was five years old. *Id.* at 18-19. On that occasion, Appellee had taken Lamiyah to Appellant's parents' house and Appellant saw Lamiyah briefly as he was leaving the house. *Id.* at 18.

Appellant testified to seeing his daughter in 2011, the year preceding and inclusive of her death. He admitted that in 2011 he only saw Lamiyah once on a street in Philadelphia. N.T. 12/22/2016, p. 36, 49-50. His only interaction with Lamiyah was picking her up and hugging her. *Id.* at 50. Appellant also claims that in 2011, he gave Appellee "maybe about a $100, $150." *Id.* at 12.

7

The Trial Court found Appellee's testimony credible as to Appellant's lack of physical, emotional, and financial support of his daughter. Therefore, the Trial Court found that Appellee successfully met her burden in proving that Appellant did not provide support to Lamiyah in the year prior to her death, thereby forfeiting his right to share in the wrongful death proceeds arising from Lamiyah's death.

### 2. The Appellant has failed to show he was estopped in raising his defense.

The Appellant failed to properly preserve this issue as it was never raised at trial. Further, it was never raised with any degree of clarity in Appellant's 1925(b) Statement. This issue has not been preserved for review before this Honorable Court by merely citing a rule of evidence without concisely relating it to the operative facts. Therefore, Appellant has effectively prevented the Trial Court from addressing this issue.

### 3. The Trial Court did consider the evidence that Appellee did not pursue child support against Appellant, but found that it did not affect the Trial Court's decision that Appellant failed to perform his duty to support his daughter.

Appellant seems to allege that Appellee, by not seeking formal child support from Appellant during Lamiyah's life, has made his conduct appropriate and thereby come into compliance with the statute. However, Appellee did not have a legal

8

obligation to seek support from her child's father. The mere fact that Appellant did not offer physical, emotional and financial support to Lamiyah is enough to find for Appellee.

Appellant excuses his failure to support his daughter because he claims that he was unable to contact Appellee for a period of time in Lamiyah's life. However, Appellant often contradicts himself in his testimony that Appellee was unreachable. For example, Appellant testified that he had Appellee's phone number in 2004 when Lamiyah was born but that Appellee was unreachable in the years that followed and would call from a blocked number. N.T. 12/22/2016, p. 13-15. Appellant later testified that there were times when he would call Appellee but was told that she and her husband would appreciate if he did not call again. *Id.* at 38-39. When asked how he had Appellee's number to call, Appellant replied that he had "whatever number she would leave at my parents' house." *Id.* at 39.

Appellant further claims that he was kept from seeing his daughter. However, during the seven years of Lamiyah's life, Appellant did not take steps through our Courts to see his daughter. *Id.* at 25. Moreover, Appellant admitted that he did not go to the library, contact the police, contact a private investigator, or contact an attorney to help him find out how he could see or provide support for his daughter. *Id.* at 18, 45-46.

Nowhere in his testimony did Appellant demonstrate a sincere or persistent effort to see or contact his daughter, and the Trial Court was unable to equate requests that he not call, where he failed to show material concern or support, with an enforceable permission to abrogate his duty to support his child. Therefore, the Trial Court concluded that even if Appellant had obstacles in maintaining a relationship with Lamiyah, he found it to his convenience and failed to provide the necessary support.

**4. The Trial Court has considered all of the evidence, including stipulated testimony, and properly held that for the year before the minor's death, no support whatsoever was paid, and any support during the minor's entire life including "physical, emotional and financial support" was all but nonexistent.**

While the Trial Court need not look beyond the one year prior to Lamiyah's death, testimony and evidence presented showed a pattern of little or no support from Appellant during Lamiyah's seven years of life.

According to Appellant, the total extent of financial support that he provided on behalf of Lamiyah is as follows. In 2011, the year preceding and inclusive of Lamiyah's death, Appellant gave Appellee "maybe about a $100, $150." N.T. 12/22/2016, p. 12. In 2010, Appellant gave Appellee $60 or $70. *Id.* In 2009, Appellant did not see Appellee. *Id.* at 13. In 2008, Appellant gave Appellee "maybe

10

about a little over a hundred." *Id.* Lamiyah was born in 2004 and from 2005 to 2008 Appellant had no contact with Appellee and offered no support. *Id.*

Appellant also claims that his listing Lamiyah as a dependent on his 2011 income tax return is evidence of adequate support. *Id.* at 90. However, this purported support was given after Lamiyah's death, which pursuant to the statute, is specifically excluded. Nonetheless, according to Appellant's testimony, rather than support, it was to be used to pay for Lamiyah's headstone. *Id.* at 94.

That the Trial Court found that the amounts paid did not constitute support and, in fact, were grossly inadequate to support the barest of necessities, is not seriously contested. In fact, Appellant has never suggested that it does. Therefore, Appellant failed to show any error on this issue.

## Conclusion

The Trial Court correctly found that within the guidelines of the relevant statute, Appellee proved by clear and convincing evidence that Appellant failed to support his daughter during the last year of her life financially, and also failed to render any of the non-monetary parental expectations defined therein.

The evidence presented, even viewed most favorably to the Appellant, shows that he made no serious attempt to maintain a relationship with his daughter, let alone render support for her care and upbringing. Appellant's feeble attempt to blame

11

Appellee for his failures belies the fact that he did virtually nothing to assume his rightful duties. As this Honorable Superior Court has held, the purpose of the statute in question, "is to prevent a parent, who has failed to carry out his or her duty of support, from gaining a 'windfall' from a minor child's death." *In re Kistner*, 858 A.2d 1226, 1228 (Pa Super. 2004).

Therefore, it is respectfully submitted that the Appeal in this matter be denied and the Trial Court's decision be affirmed.

_____
CARRAFIELLO, A.J.

Dated: 3/24/17

Joseph L. Messa, Jr., Esq.

Gary M. Gusoff, Esq.

12