J-A29002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: THE ESTATE OF CHARLES L. SMALL | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: JUANITA SMALL, AS | : | |
| | : | |
| Petitioner | : | |
| | : | |
| AND ADMINISTRATOR OF THE ESTATE OF CHARLES L. SMALL | : | No. 744 EDA 2018 |

Appeal from the Decree February 28, 2018
In the Court of Common Pleas of Philadelphia County
Orphans' Court at No(s):  No: 617DE-2017

BEFORE:   OTT, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                          **FILED JANUARY 28, 2019**

Juanita Small, as Petitioner, and Administrator of the Estate of Charles L. Small (Mother), appeals from the decree entered February 28, 2018, in the Court of Common Pleas of Philadelphia County, that denied her "Petition for Forfeiture of the Estate Pursuant to 20 Pa.C.S. § 2106" following an evidentiary hearing.  Based on the following, we affirm on the basis of the orphans' court's well-reasoned opinion.

The orphans' court has ably summarized the facts and procedural history underlying this appeal.  Therefore, there is no need to set forth the background of this case.  *See* Orphans' Court Opinion, 6/7/2018 at 1–3.  We simply state that, on July 11, 2013, Charles L. Small (Decedent) died intestate without a spouse or children, at the age of 37.  Decedent had been a

_____

\*   Former Justice specially assigned to the Superior Court.

paraplegic since the age of 18 when he was shot.[1] Following Decedent's death, the Estate of Charles L. Small (Estate) recovered $90,000.00 as the result of the settlement of a medical malpractice action brought by the Estate. Mother asserts Laverne Dollard (Father) forfeited any right to share in the assets of the Estate under 20 Pa.C.S. § 2106(b).

Mother presents the following two questions for our review:

> Whether the trial court erred when it concluded, against the weight of the evidence, that [Decedent] was not a dependent child under the Forfeiture Statute, 20 Pa.C.S.A. § 2106(b)?

> Whether the trial court erred by failing to apply the Forfeiture Statute to determine whether [Father] forfeited his right to take in the [E]state of Charles Small?

**See** Mother's Brief at 4.[2]

At the outset, we state our standard of review:

> When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which

---

[1] Mother's petition for forfeiture avers Decedent was 16 years of age when he became a paraplegic as a result of a gunshot. **See** Petition for Forfeiture Pursuant to 20 Pa.C.S. § 2106(b), 5/9/2017, at ¶5. There was also testimony that Decedent was 18 years of age when he became a paraplegic as a result of a gunshot. **See** N.T., 2/26/2018, at 10, 43, 51, and 72. **See also id.** at 85.

[2] Mother timely complied with the orphans' court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

***Estate of Fuller***, 87 A.3d 330, 333 (Pa. Super. 2014) (citation omitted).

Relevant to this appeal, Section 2106(b) provides, in relevant part:

> **(b) Parent's share**.--Any parent who, for one year or upwards previous to the death of the parent's minor or dependent child, has:
>
> (1)    failed to perform  the  duty  to  support  the  minor  or dependent child or who, for one year, has deserted the minor or dependent child …
>
> shall have no right or interest under this chapter in the real or personal estate of the minor or dependent child. The determination under paragraph (1) shall be made by the court after considering the quality, nature and extent of the parent's contact with the child and the physical, emotional and financial support provided to the child.

20 Pa.C.S. § 2106(b)(1).

Having examined the record, the briefs of the parties, the above-cited statute, relevant case law, and the well-reasoned opinion of the Honorable George W. Overton, we conclude Mother's issues warrant no relief. Judge Overton's opinion fully addresses and properly disposes of the questions raised by Mother in this appeal. ***See*** Orphans' Court Opinion, 6/7/2018, at 3–5 (finding, (1) the forfeiture statute, 20 Pa.C.S. § 2106(b), provides that a parent's share may be forfeited "previous to the death of the parent's minor or dependent child"; (2) the purpose of the statute is to protect minor or dependent children who are not legally competent to effectuate a will, ***In re Kistner***, 858 A.2d 1226, 1228 (Pa. Super. 2004); (3) Decedent was 37 years old at the time of his death, was not a minor, and based on the evidence, was

not a dependent child; (4) Decedent was never adjudicated an incapacitated person, declared incompetent, or appointed a guardian, (5) both Decedent's parents and his girlfriend/caregiver testified he could do everything but walk; (6) Decedent had no mental impairment; (7) having a home health care aide and collecting disability does not make one a dependent child under the forfeiture statute; (8) as in *Kistner*, if Decedent believed Father failed to perform his duty to support him or had deserted him, he could have executed a last will and testament disposing of his estate accordingly; (9) *Kistner's* analysis of the forfeiture statute relative to an adult decedent's estate as opposed to a minor's estate and its broad language is relative to and controlling in the instant case; (10) based on the evidence submitted, Decedent was not a dependent person; and (11) where the decedent is not a minor or dependent child at the time of his death, the forfeiture provisions of Section 2106(b) are inapplicable. We agree with this analysis.

We add that Mother's reliance on the definition of "dependent child" in 34 Pa. Code § 65.151 is misplaced as that provision applies to unemployment compensation. Furthermore, Mother's argument — that the orphans' court's rationale that Decedent "could have executed a last will and testament" does not apply here because Decedent had no assets and no reason to make a will — is unpersuasive. The issue of assets/reason to make a will is irrelevant; the issue is the protection of minor or dependent children who are not legally competent to make a will. *See Kistner, supra,* 858 A.2d at 1228 ("The

purpose of the forfeiture statute is to prevent a parent, who has failed to carry out his or her duty of support, from gaining a 'windfall' from a minor child's death. In addition, the statute protects minor or dependent children who are **not legally competent** to effectuate a will[.]") (emphasis added).

Therefore, we affirm the Decree based upon the sound reasoning of the orphans' court.[3]

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/19

---

[3] In the event of further proceedings, the parties are directed to attach a copy of Judge Overton's opinion, filed June 7, 2018, to this memorandum.

617 — 2017

## COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA ORPHANS' COURT DIVISION

No. 617 DE OF 2017
Control No. 171682
744 EDA 2018

Charles L Small, Deceased



20170061705029

### Estate of CHARLES L. SMALL, Deceased

## OPINION SUR APPEAL

Juanita Small has filed an appeal of this Court's February 27, 2018 Decree denying her Petition for Forfeiture of Estate. Appellant asserted that Appellee forfeited his right or interest in their deceased son's $90,000.00 medical malpractice settlement. This court finds that Charles L. Small was not a dependent child pursuant *20 Pa. Cons. Stat. Ann. § 2106* and therefore the forfeiture statue is inapplicable to the case at bar.

### *Facts and Procedural History*

Charles L. Small died intestate on July 11, 2013 at the age of thirty-seven. Letters of Administration were granted to Juanita Small ("Appellant"), Charles Small's mother, on November 26, 2013. A medical malpractice claim was filed in Delaware County and settled in the amount of $90,000.00. Appellant petitioned this court for forfeiture of estate pursuant to *20 Pa C.S. § 2106(b)*. Appellant asserted that Laverne Dollard ("Appellee'), Charles Small's father, forfeited any right to the proceeds of the Estate of Charles L. Small, Deceased.

On February 26, 2018, this court held a hearing on the petition. Appellant called Appellee, as-of-cross, Almeta Miller, Mr. Small's home health aide/girlfriend and Appellant to testify. Mr. Small became a paraplegic at the age of 18 after he was shot. (N.T. 02/26/18, 10: 11-16). Mr. Small was in a wheelchair from that time until his death. *Id.* Appellee testified that Mr. Small could put his own cloths on, get in and out of his wheelchair, ride paratransit by

1

himself and that he even drove with a cane at times. (*Id.* at 11:23-12:25). Ms. Miller testified that Mr. Small could get dressed by himself, get in and out of his wheelchair and chair lift. (*Id.* at 63:17-64:25). Appellant testified that Mr. Small could get in and out of his wheelchair, ride paratransit and SEPTA by himself to visit friends. (*Id.* at 84:9-11; 89:1-91:7). Appellant added that Mr. Small didn't need help but he wanted it. (*Id.* at 82:21-83:2). Appellant would help him with his colostomy bag and wash him. (*Id.* at 79:11-25). Mr. Small received Social Security and Appellant was paid as his home health aide. (*Id.* at 85: 18-20; 87:5-25). Ms. Miller later became his home health aide and girlfriend. (*Id.* at 60:16; 61:18-19). Mr. Small lived with Ms. Miller in her home for about the last four or five years of his life. (*Id.* at 62:2). Ms. Miller testified that they met downtown one day when they crossed paths and he asked for her number. (*Id.* at 61:21-24). Ms. Miller helped him get in the shower and going to the bathroom but she added that he could do a lot in his wheelchair. (*Id.* at 56:23-24; 66:8; 67:11-15). Ms. Miller testified that other than not being able to walk, there was nothing wrong with him. (*Id.* at 74:12-13). She added that he wrote and sang rap songs. (*Id.* at 77:16-18). Appellee also testified that Mr. Small could do everything except walk. (*Id.* at 34:8-15). Mr. Small's Obituary (R-1) stated in relevant part: "Charles didn't allow his disability to affect him. He was still the life of the party dancing in his wheelchair and doing all kinds of tricks...he would hold a conversation with you for hours..." (*Id.* at 51:50-52:10).

Appellee also called Marcella Thompson, Annette Roberts and Tyrone Booker to testify about Appellee's relationship with Mr. Small. Appellant submitted into evidence Appellee's affidavit (P-1) and photos (P2-P8). Appellee submitted into evidence Mr. Small's Obituary (R-1).

2

On February 27, 2018, this Court denied Appellant's Petition for Forfeiture of Estate. Based on the evidence submitted, this Court found that Charles L. Small was not a dependent child pursuant to *20 Pa. Cons. Stat. Ann. § 2106* and therefore the forfeiture statute did not apply to the instant case.

On March 8, 2018, Appellant filed a Notice of Appeal. Statements of Matters Complained of on Appeal were requested and properly tendered on March 22, 2018. Appellant raised the following issue in their Statement of Matters Complained of on Appeal pursuant to Pa. R.A.P. 1925(b):

I.   The Trial Court abused its discretion and committed reversible error failing to find that Charles Small, deceased was a dependent under the law;

II.  The Trial Court abused its discretion and committed reversible error failing to apply the forfeiture statute 20 PA.C.S. sec. 2016 [sic] to make a determination whether the Respondent forfeited his rights under the statute.

## *Discussion*

**I.   This Court did not abuse its discretion in finding that Charles Small was not a dependent child under the law.**

Appellant asserts this Court abused its discretion and committed reversible error failing to find that Charles Small as dependent under the law. This claim is without merit.

Abuse of discretion standard of review requires proof of more than a mere error in judgment; it requires evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice, or partiality. *Simmons v. Simmons*, 723 A.2d 221, 222 (Pa. Super. Ct. 1998). The Superior Court does not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. *Morgante v.*

3

*Morgante*, 119 A.3d 382, 386 (2015). An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion than the trial court. *Snizavich v. Rohm & Haas Co.*, 83 A.3d 191, 194 (2013).

The forfeiture statutes provides that a parent's share may be forfeited "previous to the death of the parent's minor or dependent child." 20 Pa. C.S.A. §2106(b). The Superior Court discussed the requirements for forfeiture stating:

> The elements of a forfeiture based on failure to support are easily discerned from the plain language of the statute: (1) the decedent must be a minor or dependent child; (2) the parent must owe some duty of support to the decedent; (3) the parent must have failed to perform any duty of support for the decedent for at least a year prior to the decedent's death; and (4) the parent's failure must be willful. The petitioner must produce evidence of all of these elements to make a prima facie case of forfeiture. *In re Estate of Teaschenko*, 574 A.2d 649, 651 (1990).

The purpose of the statute is to protect minor or dependent children who are not legally competent to effectuate a will. *In re Kistner*, 858 A.2d 1226, 1228 (2004). Where the decedent is not a minor or dependent child at the time of death, the forfeiture provisions of *§2106(b)* are inapplicable. *Id.* at 1229. In *Kistner*, the forfeiture statute did not apply to a father whose fifty-eight year old daughter died intestate despite mother's contention that father failed to perform his duty of support.

Here, the decedent, Charles L. Small, was thirty-seven years old at the time of his death. Mr. Small was not a minor and based on the evidence, he was not a dependent child. Mr. Small was never adjudicated an incapacitated person. He was never declared incompetent or appointed a guardian by a court or otherwise. In fact, both his parents and girlfriend testified that he could do everything except walk. According to the testimony and evidence presented, there was no mental impairment. Appellant and Ms. Miller may have assisted him but Appellant testified that he "didn't need it but rather wanted it." Having a home health aide and collecting disability does not make one a dependent child under the forfeiture statute. Mr. Small could get in and out of

4

his wheel chair and onto buses to travel by himself. He met his girlfriend, Ms. Miller while downtown in Philadelphia and he frequently rode the bus to visit his friend Joey. Here, as in *Kistner*, if Mr. Small believed his father failed to perform his duty to support him or had deserted him, he could have executed a last will and testament disposing of his estate accordingly. *Id.* at 1229. The *Kistner* court's extensive analysis of the applicability of the forfeiture statute relative to an adult decedent's estate as opposed to a minor's estate and its broad language is both relative to and controlling of the instant case. Based on the evidence submitted, Charles L. Small was not a dependent child pursuant to *20 Pa. Cons. Stat. Ann. § 2106(b)*.

Therefore this claim is without merit.

## II. This Court did not abuse its discretion by not applying the forfeiture statute.

Appellant asserts this Court abused its discretion and committed reversible error failing to apply the forfeiture statute to make a determination whether the Appellee forfeited his rights under *20 Pa.C.S. § 2106*. This claim is without merit.

Where the decedent is not a "minor or dependent child" at the time of death, the forfeiture provisions of § 2106(b) are inapplicable. *In re Kistner*, 858 A.2d 1226, 1229 (2004). Based on this court's previous analysis, Mr. Small was not a dependent child.

Therefore this claim is without merit.

### *Conclusion*

Based on the record, this Court's Decree dated February 27, 2018 denying Appellant's petition should be AFFIRMED.

BY THE COURT:

Date: 6/7/18

OVERTON, J.

5